FILED

2010 Dec-02  PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **FRED & KAREN ALFINDA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  1:10-CV-3297-VEH** |
| | ) | |
| **GMAC MORTGAGE, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION

This case was filed by Plaintiffs Fred and Karen Alfinda (the "Alfindas") on November 30, 2010.  (Doc. 1).  Also filed with their lawsuit was a Motion for Temporary Restraining Order (the "Motion").  (Doc. 2).

This litigation closely resembles another no longer pending case filed by the Alfindas on August 12, 2010.  (*Compare generally* Doc. 1 *with* 1:10-CV-2196-VEH at Doc. 1).   The named plaintiffs are identical (*compare* Doc. 1 at 1 *with* 1:10-CV-2196-VEH at Doc. 1 at 1); the cases are comparable as they assert claims stemming from an anticipated foreclosure on the Alfindas' primary residence located at 624 Hickory Lane, Jacksonville, AL 35625 (*compare* Doc. 1 at 2 ("As this Honorable court is aware, this case arises from an attempt by Defendant(s) to

foreclose on a property occupied by Plaintiff and his wife.") *with* 1:10-CV-2196-VEH at Doc. 1 at 1 (referencing same property)); both actions assert Truth in Lending Act violations (*compare* Doc. 1 at 3 *with* 1:10-CV-2196-VEH at Doc. 1 at 23); both proceedings seek temporary injunctive relief relating to anticipated foreclosure (*compare* Doc. 2 *with* 1:10-CV-2196-VEH at Doc. 2); and GMAC Mortgage, LLC is a named defendant in both lawsuits (*compare* Doc. 1 at 1 *with* 1:10-CV-2196-VEH at Doc. 1 at 1).[1]

On October 25, 2010, the undersigned dismissed the Alfindas' prior action on lack of subject matter jurisdiction grounds.  (*See* 1:10-CV-2196-VEH at Docs. 16, 17).  More particularly, the court determined that, without the participation of the Chapter 7 bankruptcy trustee, *i.e.,* the real party in interest in this matter, the Alfindas lacked standing to pursue their claims in this court because they arose prior to their filing of a Chapter 7 bankruptcy proceeding.  (*See* 1:10-CV-2196-VEH at Doc. 16 at 5 ("Because the bankruptcy trustee, and not the Plaintiffs, is the real party in interest under Fed. R. Civ. P. 17(a)(1), the Plaintiffs lack standing to pursue this case.")).

## II.   RULING

It is beyond question that this court has an obligation to independently

---

[1]  The Alfindas' second lawsuit adds Homecomings Financial Network, Inc. and Mortgage Electronic Registration Systems, Inc. as defendants.  (Doc. 1 at 1).

determine whether subject matter jurisdiction exists in all of its cases, regardless of whether a party raises the issue.  *See, e.g., Univ. of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.") (emphasis added); *id.* ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.") (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam) (other citations omitted) (emphasis added)).

Against this jurisdictional inquiry backdrop, the court takes judicial notice of the Alfindas' Chapter 7 bankruptcy case, the filing of which was undisputed by the Alfindas in their prior litigation.  As this court previously stated:

> On May 28, 2010, the Plaintiffs filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Alabama. (Def.'s Mot. to Dismiss, p. 3, filed September 14, 2010, citing *In re Alfinda*, No. 10-41530-JJR7 (Bankr. N.D. Ala. filed May 28, 2010)).

(*See* 1:10-CV-2196-VEH at Doc. 16 at 2).

The court further adopts as persuasive authority its opinion and order dismissing the Alfindas' first lawsuit due to lack of subject matter jurisdiction.

Specifically, the court finds that based upon its prior rulings, in the absence of the bankruptcy trustee's presence in this litigation, the Alfindas lack standing to pursue their claims in this court, including the injunctive relief sought from the court in their Motion.  (*See* 1:10-CV-2196-VEH at Doc. 16 at 2-5 (explaining why the Alfindas lack standing to pursue their claims and dismissing proceeding without prejudice due to lack of subject matter jurisdiction));[2] *see also Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.") (citation omitted);*Univ. of S. Ala.*, 168 F.3d 405, 410 ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") (citation omitted) (emphasis added). As a result, the court will, *sua sponte*, enter an order dismissing this second suit for lack of subject matter jurisdiction and directing the clerk to term the Motion.

## III.   CONCLUSION

For the reasons stated above, this case is due to be dismissed without prejudice

---

[2]  The Alfindas state in their second complaint that the "first complaint was deemed to be confusing and not plead with specificity and [w]as dismissed . . . without prejudice."  While the court did dismiss the initial action without prejudice, the Alfindas misunderstand the reason why:  the basis was jurisdictional and tied to the court's lack of any power to hear the case, and not because their pleading lacked comprehensibility.

for lack of subject matter jurisdiction, and the Motion termed as moot.  A separate

order of final judgment will be entered.

**DONE** and **ORDERED** this the 2nd of December, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge