

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **FRED & KAREN ALFINDA,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 1:10-CV-3297-VEH |
| | ) |
| **GMAC MORTGAGE, LLC, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER
## DENYING RECONSIDERATION

Pending before the court is Plaintiffs' Notice of Motion for Reconsideration of Judge Hopkin[s]'s Dismissal (the "Notice") filed on December 8, 2010.  (Doc. 8). The Notice challenges the court's prior *sua sponte* dismissal of this action without prejudice due to lack of subject matter jurisdiction on December 2, 2010.  (Docs. 5, 6).  In the Notice, Plaintiffs request that the court "consider the complaint based on its own merits only" and also "grant the plaintiffs['] motion for temporary restraining order [and enjoin any foreclosure on Plaintiffs' property] until the whole truth is revealed by through [sic] this court's full examination of the case."  (Doc. 8 ¶¶ 2,3 at 3; *see also* Doc. 2 at 1-2).

In the interests of finality and conservation of scarce judicial resources,

reconsideration of an order is an extraordinary remedy and is employed sparingly. *See, e.g., United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling.") (citation omitted).  Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected by the court. *See, e.g., Lazo v. Washington Mutual Bank*, 10 Fed. Appx. 553, 553 (9th Cir. 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668 (6th Cir. 2003) (similar).

    Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).  Nowhere in the Notice do Plaintiffs challenge the merits of the court's jurisdictional ruling, suggest that the court has committed clear error, or introduce an intervening change in controlling law or new evidence for the court to consider.

    Instead, the contents of the Notice are deficient to meet the discretionary

standard applicable to reconsideration requests.  *See, e.g., Summit Medical Center*, 284 F. Supp. 2d at 1355 ("None of these [reconsideration] criteria are present in this case; therefore, the court concludes that the Defendants' motion is due to be DENIED.").

Alternatively, "[e]ven if the court were to consider the merits of the [Plaintiffs'] arguments, the court would not alter or amend its decision." *Summit Medical Center*, 284 F. Supp. 2d at 1355.  In particular, the fact that "Plaintiffs filed [an] exemption of lien for their primary residence" or that "the Bankruptcy Judge presiding over the Alfindas['] bankruptcy case has ordered a debtors discharge for the Alfindas['] case" (*see* Doc. 8 at 2), does not create a viable basis for this court to change its substantive determination that Plaintiffs, <u>as bankruptcy debtors discharged under Chapter 7</u>, lack standing to pursue their pre-petition claims in this court absent the bankruptcy trustee's involvement as the real party in interest.

Accordingly, Plaintiffs' Notice is **DENIED**, and their lawsuit remains **DISMISSED**.  Provided, however, <u>if Plaintiffs cause the bankruptcy trustee to join them as a plaintiff in this action within 60 days from the entry date of this order, the case will be reopened</u>; otherwise it will remain dismissed for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this the 17th of December, 2010.

                                                                   /s/ VEHopkins
**VIRGINIA EMERSON HOPKINS**
United States District Judge